UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TERRY LYNN EDWARDS,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of the Social Security Administration,[1]<br><br>Defendant. | CASE NO. 2:16-cv-00630 RSL JRC<br><br>REPORT AND RECOMMENDATION ON PLAINTIFF'S COMPLAINT<br><br>Noting Date: April 28, 2017 |

This matter has been referred to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Judge Rule MJR 4(a)(4), and as authorized by *Mathews, Secretary of H.E.W. v. Weber*, 423 U.S. 261, 271-72 (1976). This matter has been fully briefed. *See* Dkt. 15, 16, 17.

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit. No further action needs to be taken, pursuant to the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

REPORT AND RECOMMENDATION ON
PLAINTIFF'S COMPLAINT - 1

Plaintiff suffered from sexual assault as a child by male cousins and a family friend, and first reported experiencing anxiety and depression at age 15. *See* Dkt. 15, p. 3. Plaintiff only completed ninth grade, while attending special education programs, and was unable to complete the test in the allotted time in order to obtain her GED. *See id.*

Although the medical opinion relied on by the ALJ included a recommendation for further development of the record in order to determine if plaintiff suffers from Borderline Intellectual level and/or has a learning disability, the ALJ failed to develop the record on this issue. *See* AR. 15, 36. Furthermore, the ALJ failed to credit fully two examining doctors' opinions with a finding that their opinions are inconsistent with the record as a whole; however, the ALJ failed to specify any inconsistency. The ALJ's finding of an inconsistency is not based on substantial evidence in the record as a whole. Similarly, the ALJ does not cite evidence to support the finding that one of the examining doctors' opinion is based on plaintiff's self-report, and this finding also is not based on substantial evidence in the record as a whole.

Therefore, this matter should be reversed and remanded for further administrative proceedings consistent with the Report and Recommendation.

## BACKGROUND

Plaintiff, TERRI LYNN EDWARDS, was born in 1968 and was 41 years old on the alleged date of disability onset of October 1, 2011. *See* AR. 199-202, 203-08. Plaintiff completed the ninth grade in school and attempted to obtain a GED, but was unsuccessful. AR. 44. Plaintiff has work experience as a Certified Nursing Assistant and

a stocker. AR. 239-50. Plaintiff last worked caring for people in their homes, but she stopped when she "couldn't handle it anymore" because of stress and back pain. AR. 47.

According to the ALJ, plaintiff has at least the severe impairments of "degenerative disc and joint disease of the spine, obesity, status post pulmonary embolism on anticoagulation therapy, affective disorder, and anxiety disorder (20 CFR 404.1520(c) and 416.920(c))." AR. 10.

At the time of the hearing, plaintiff was living with her husband and dog. AR. 56, 58.

## PROCEDURAL HISTORY

Plaintiff's applications for disability insurance ("DIB") benefits pursuant to 42 U.S.C. § 423 (Title II) and Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act were denied initially and following reconsideration. *See* AR. 74-85, 86-97, 100-112, 113-124. Plaintiff's requested hearing was held before Administrative Law Judge M. J. Adams ("the ALJ") on May 27, 2014. *See* AR. 38-66. On July 21, 2014, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act. *See* AR. 5-22.

On February 24, 2015, the Appeals Council denied plaintiff's request for review, making the written decision by the ALJ the final agency decision subject to judicial review. AR. 1-4. *See* 20 C.F.R. § 404.981. Plaintiff filed a complaint in this Court seeking judicial review of the ALJ's written decision in May, 2016. *See* Dkt. 1, 3.

Defendant filed the sealed administrative record regarding this matter ("AR.") on October 13, 2016. *See* Dkt. 11.

In plaintiff's Opening Brief, plaintiff raises the following issues: (1) Whether the ALJ erred in failing to consider properly the opinions of the examining providers in the record and in failing to provide adequate explanation for not giving those opinions more weight; (2) Whether the ALJ's adopted residual functional capacity finding that the plaintiff is capable of work that is unskilled with no limits on interactions with supervisors and coworkers but limited to occasional interaction with the public is supported by substantial evidence in the record; and (3) Whether the ALJ erred in failing to provide legitimate reasons supported by the record for his finding on credibility. *See* Dkt. 15, p. 1.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

**(1)  Whether the ALJ erred in failing to consider properly the opinions of the examining providers in the record.**

Plaintiff contends that the ALJ erred when evaluating the opinions of examining psychological doctors. Defendant contends that the ALJ appropriately failed to credit

fully the opinions of Drs. Budwey and Greenfield because their opinions were inconsistent with the record as a whole and largely based on plaintiff's self-reports .

When an opinion from an examining or treating doctor is contradicted by other medical opinions, the treating or examining doctor's opinion can be rejected only "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996) (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)); *see also* 20 C.F.R. §§ 404.1527(a)(2).

According to the Ninth Circuit, "[an] ALJ may reject a treating physician's opinion if it is based 'to a large extent' on a claimant self-reports that have been properly discounted as incredible." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (quoting *Morgan v. Comm'r. Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999) (citing *Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir. 1989))). This situation is distinguishable from one in which the doctor provides his own observations in support of his assessments and opinions. *See Ryan v.Comm'r of Soc. Sec. Admin.*, 528 F.3d 1194, 1199-1200 (9th Cir. 2008). According to the Ninth Circuit, "when an opinion is not more heavily based on a patient's self-reports than on clinical observations, there is no evidentiary basis for rejecting the opinion." *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) (citing *Ryan v. Comm'r of Soc. Sec. Admin.*, 528 F.3d 1194, 1199-1200 (9th Cir. 2008)).

a. Dr. Siobhan Budwey, Ph.D.

The ALJ rejected in part the medical opinion of Dr. Budwey with a finding that it was based heavily on plaintiff's self-report. AR. 15. However, the ALJ cited no evidence

in support of this finding, and the Court concludes that it is not based on substantial evidence in the record as a whole. For example, Dr. Budwey observed that plaintiff "presented as depressed and anxious during the interview as evidenced by her facial expressions, fidgetiness and expressed concerns." AR. 407. Dr. Budwey also observed that plaintiff "exhibited a restricted range of affect." *See id*. Furthermore, Dr. Budwey performed a mental status examination "MSE" and observed that plaintiff "missed two of the four digit span backward items indicating problems with working memory;" that her score on the Rey – 15 "did not suggest malingering;" that plaintiff "missed two of the five basic knowledge questions;" and that she "missed one of the four digit span forward items indicating some problems with attention and concentration." AR. 408. These are observations that are not based on plaintiff's self-reporting and support the doctor's conclusions.

The ALJ also appeared to rely on the fact that Dr. Budwey only examined plaintiff once, however this merely sets the standard by which the opinion can be rejected, whereby the ALJ must provide specific and legitimate reasons based on substantial evidence in the record as a whole. *See Lester*, 81 F.3d at 830-31 (citing *Andrews*, 53 F.3d at 1043; *Murray*, 722 F.2d at 502). Furthermore, the ALJ rejected this opinion in favor of the opinion of Dr. Wayne C. Dees, Psy.D., who similarly examined plaintiff only once. *See* AR. 15.

Finally, the ALJ failed to credit fully Dr. Budwey's opinion with the finding that "her opinion is inconsistent with her own examination notes as described above." *See id*. However, nothing in the examination notes by Dr. Budwey described by the ALJ is

inconsistent with Dr. Budwey's opinion regarding functional limitations. As noted by the ALJ, "Dr. Budwey in June 2013 opined that [plaintiff] had marked limitations in her ability to complete a normal workday or workweek, in her ability to communicate and perform effectively in a work setting, and in adapting to changes in a routine work setting." *Id*. (citing AR. 406). When discussing the examination notes of Dr. Budwey previously in the written opinion, the ALJ noted that plaintiff "was fairly dressed and groomed with adequate speech and coherent thought processes; she engaged well and exhibited good eye contact; she had a restricted range of affect; she was able to remember 2/3 objects after a delay and could only recite four digits forward." AR. 14 (internal citations omitted). None of these findings is inconsistent with Dr. Budwey's opinion that plaintiff suffered from marked limitations in her ability to complete a normal workday or workweek, her ability to communicate and perform effectively in a work setting, or her ability to adapt to changes in a routine work setting." *Id*. (citing AR. 406). Although plaintiff engaged well, exhibited good eye contact and demonstrated adequate speech during her short examination, this is not necessarily inconsistent with a marked limitation in her ability to communicate *and perform effectively* in a *work setting*.

     Although the ALJ also indicates that Dr. Budwey noted that plaintiff was able to "perform adequately on her mental status examination," this finding is not based on substantial evidence on the record as a whole, as Dr. Budwey made no such finding. Instead, this appears to be the ALJ's own opinion regarding plaintiff's performance on the MSE.

The Mental Status Examination generally is conducted by medical professionals skilled and experienced in psychology and mental health. Although "anyone can have a conversation with a patient, [] appropriate knowledge, vocabulary and skills can elevate the clinician's 'conversation' to a 'mental status examination.'" Trzepacz and Baker, *supra*, The Psychiatric Mental Status Examination 3. A mental health professional is trained to observe patients for signs of their mental health not rendered obvious by the patient's subjective reports, in part because the patient's self-reported history is "biased by their understanding, experiences, intellect and personality" (*id.* at 4), and, in part, because it is not uncommon for a person suffering from a mental illness to be unaware that her "condition reflects a potentially serious mental illness." *Van Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996) (citation omitted). When an ALJ seeks to discredit a medical opinion, he must explain why his own interpretations, rather than those of the doctors, are correct. *Reddick, supra*, 157 F.3d at 725 (citing *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)).

Contrary to the ALJ's finding that plaintiff "perform[ed] adequately on her mental status examination," Dr. Budway found that plaintiff did not perform within normal limits on the MSE with respect to memory, fund of knowledge, and concentration. AR 408. These findings are consistent with Dr. Budway's conclusion and do not support the ALJ's reason for rejecting Dr. Budway's opinion. For the reasons stated, the Court concludes that the ALJ did not provide specific and legitimate reasons based on substantial evidence in the record as a whole for the failure to credit fully the medical opinions of Dr. Budwey. The Court also concludes that the error is not harmless.

REPORT AND RECOMMENDATION ON
PLAINTIFF'S COMPLAINT - 8

The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (citing *Stout v. Commissioner, Social Security Administration*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)). Recently the Ninth Circuit reaffirmed the explanation in *Stout* that "ALJ errors in social security are harmless if they are 'inconsequential to the ultimate nondisability determination' and that 'a reviewing court cannot consider [an] error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination.'" *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) (citing *Stout,* 454 F.3d at 1055-56). In *Marsh*, even though "the district court gave persuasive reasons to determine harmlessness," the Ninth Circuit reversed and remanded for further administrative proceedings, noting that "the decision on disability rests with the ALJ and the Commissioner of the Social Security Administration in the first instance, not with a district court." *Id.* (citing 20 C.F.R. § 404.1527(d)(1)-(3)).

The ALJ found that plaintiff could perform competitive full-time work and in the ALJ's determination regarding plaintiff's residual functional capacity ("RFC"), the ALJ found that plaintiff could respond appropriately to supervision and coworkers, and could deal with occasional changes in the work environment. AR. 13, 16-17. In contrast, Dr. Budwey opined that plaintiff had marked limitations in her ability to complete a normal workday or workweek, in her ability to communicate and perform effectively in a work setting, and in adapting to changes in a routine work setting. *See* AR. 406. The Court cannot conclude with confidence "'that no reasonable ALJ, when fully crediting [Dr.

Budwey's opinion], could have reached a different disability determination.'" *See Marsh*, 792 F.3d at 1173 (citing *Stout,* 454 F.3d at 1055-56).

However, the Court also cannot conclude with confidence that fully crediting Dr. Budwey's opinion would mandate a finding of disability. Plaintiff contends that "the ALJ erred in ignoring substantial evidence in the record that supports a finding that the plaintiff was 'disabled.'" Dkt. 15, p. 16. However, that does not equate with the standard that must be met in order for the Court to direct an award of benefits. Simply because certain evidence supports a finding of disability does not mean that crediting that evidence fully mandates a finding of disability. As noted by plaintiff, the Court may direct an award of benefits when, among other things, "it is clear from the record that the ALJ would be required to find the claimant disabled if he considered the claimant's evidence." *Id*. at 15-16 (citing *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002)). Here, despite plaintiff's conclusory argument to the contrary, the record, including the testimony from the vocational expert, does not demonstrate that fully crediting Dr. Budwey's medical opinions would require a finding that plaintiff is disabled. *See, e.g.*, AR. 60-65. Therefore, this matter should be reversed and remanded for further administrative proceedings consistent with this Report and Recommendation.

  b. Dr. Curtis Greenfield, Ph.D.

Similar to the opinions of Dr. Budwey, as noted by the ALJ, "Dr. Greenfield opined that [plaintiff] had marked limitations in her ability to complete a normal workday or workweek, maintain appropriate behavior in a work setting, and communicate and perform effectively in a work setting." AR. 15-16 (citing AR. 567). He also opined that

plaintiff suffered from marked limitations in her ability to understand, remember and persist in tasks by following very short and simple instructions. *See* AR. 567. Dr. Greenfield conducted a MSE and noted that plaintiff's affect was blunted, and that she was unable to complete serial threes or the WORLD spelling task. *See* AR. 568-69.

The ALJ failed to credit fully Dr. Greenfield's opinion with a finding that his opinion is inconsistent with the record as a whole. However, the ALJ failed to provide a single specific example of anything in the record inconsistent with Dr. Greenfield's opinion. In order to reject an opinion from an examining doctor, the ALJ must provide *specific* and legitimate rationale that is based on substantial evidence in the record as a whole. *See Lester*, 81 F.3d at 830-31 (citing *Andrews*, 53 F.3d at 1043; *Murray*, 722 F.2d at 502). This error, too, should be corrected following remand of this matter.

    c.  Dr. Wayne C. Dees, Psy.D.

Dr. Dees evaluated plaintiff on March 12, 2012. AR. 32-36. He performed a MSE. AR. 34-35. Dr. Dees diagnosed plaintiff with major depressive disorder, recurrent, severe without psychosis and generalized anxiety disorder. AR. 36. However, he also provided a provisional diagnosis of Borderline Intellectual functioning, and indicated that there was a need to rule out a diagnosis of a learning disorder. *See id*. Dr. Dees indicated that plaintiff "appears to be functioning at the Borderline Intellectual level and/or has a learning disability." *Id*. On this issue, he recommended further assessment. *Id*. However, although the ALJ gave "great weight to the opinion of Dr. Dees," the ALJ failed to follow Dr. Dees' recommendation and failed to develop the record on the issue of whether or not plaintiff was functioning at the Borderline Intellectual level and/or has a learning

disability. As noted by plaintiff, a "diagnosis of Borderline Intellectual Functioning implicates Social Security Listing 12.05-Intellectual Disability." Dkt. 15, p. 10; *see also* 20 C.F.R. pt. 404, subpt. P, app. 1, Listing 12.05.

The ALJ "has an independent 'duty to fully and fairly develop the record and to assure that the claimant's interests are considered.'" *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996) (quoting *Brown v. Heckler*, 713 F.2d 411, 443 (9th Cir. 1983) (per curiam))). The ALJ's "duty exists even when the claimant is represented by counsel." *Brown*, *supra*, 713 F.2d at 443 (citing *Driggins v. Harris*, 657 F.2d 187, 188 (8th Cir. 1981)); *see also Garcia v. Comm'r of Soc. Sec.*, 768 F.3d 925, 930-34 (9th Cir. 2014) (an ALJ fails to fulfill the duty to develop the record by failing to acquire a complete set of IQ scores where IQ is relevant to step 3 and to reviewing doctors' opinions). However, the ALJ's duty to supplement the record is triggered only if there is ambiguous evidence or if the record is inadequate to allow for proper evaluation of the evidence. *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001); *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) (citing *Smolen, supra*, 80 F.3d at 1288 (other citation omitted)).

To the extent necessary for a proper evaluation of the record, the ALJ should develop the record on this subject following remand of this matter. Dr. Dees' opinion indicates that further development is necessary.

> **(2) Whether the ALJ's adopted residual functional capacity ("RFC") finding that the plaintiff is capable of work that is unskilled with no limits on interactions with supervisors and coworkers but limited to occasional interaction with the public is supported by substantial evidence in the record.**

The Court already has concluded that the ALJ erred when evaluating the medical evidence, and that this matter should be reversed and remanded for further administrative proceedings, *see supra*, section 1. As a necessity, the RFC must be reevaluated anew following remand of this matter.

**(3)   Whether the ALJ erred in failing to provide legitimate reasons supported by the record for his finding on credibility.**

The Court already has concluded that the ALJ erred in reviewing the medical evidence and that this matter should be reversed and remanded for further consideration, *see supra*, section 1. In addition, the evaluation of a claimant's statements regarding limitations relies in part on the assessment of the medical evidence. *See* 20 C.F.R. § 404.1529(c); SSR 16-3p, 2016 SSR LEXIS 4. Therefore, plaintiff's testimony and statements should be assessed anew following remand of this matter.

## CONCLUSION

The ALJ failed to develop the record regarding plaintiff's intellectual functioning and failed to credit fully examining doctors' opinion without providing specific and legitimate rationale in support of that failure.

Based on the stated reasons, and the relevant record, the undersigned recommends that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further proceedings consistent with this Report and Recommendation. **JUDGMENT** should be for **plaintiff** and the case should be closed.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on April 28, 2017, as noted in the caption.

Dated this 3rd day of April, 2017.

J. Richard Creatura
United States Magistrate Judge